IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA JANASKI and TYLER JANASKI,

          *Plaintiffs*,

    v.

LEONARD DETTORE and DIEBOLD, INC.,

          *Defendants*.

CIVIL ACTION
NO. 15-00572

**MEMORANDUM**

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　April 9, 2015

      Presently before the Court is Plaintiffs' Motion for Remand (ECF No. 9).[1]  For the following reasons, the Motion will be granted.

**Background**

      On January 6, 2015, Plaintiffs Pamela Janaski and her son Tyler Janaski (the "Janaskis") filed a complaint in the Pennsylvania Court of Common Pleas against Defendants Diebold, Inc. ("Diebold") and its employee, Leonard Dettore ("Dettore").  (Not. of Removal ¶ 1, ECF No. 1; Compl. ¶¶ 1-5, ECF No. 1 at Ex. A.)  The complaint alleged that on July 23, 2013, the Janaskis were injured in an auto accident when Dettore, acting "in the scope and course of his employment" with Diebold, ran a red light and struck the Janaskis' car causing "Plaintiffs to sustain severe and permanent injuries."  (Compl. ¶ 10.)  The Janaskis asserted negligence claims

---

[1] ECF No. 9, while entitled "Plaintiffs' Response to Defendant Diebold, Inc.'s Notice of Removal," is accompanied by a memorandum of law and proposed order seeking remand of this action due to the absence of complete diversity between the parties.  The Court accordingly construes the "Response" as a timely motion for remand for lack of subject matter jurisdiction under § 1447(c).  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added).  The Court refers to ECF No. 9 herein as Plaintiffs' "Motion for Remand."

against both Diebold and Dettore. (*Id*. ¶¶ 12-59.) The complaint further alleged that while Diebold is a citizen of Ohio, both the Janaskis and Dettore are citizens of Pennsylvania. (*Id*. ¶¶ 1-4.) The Janaskis served Diebold with the complaint on January 20, 2015. (Not. of Removal ¶ 2.)

On February 5, 2015, Diebold removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not. of Removal.) In its Notice of Removal, Diebold acknowledges the lack of diversity between the Janaskis and Dettore, but appeals to the forum defendant rule under 28 U.S.C. § 1441(b)(2) to argue that because Dettore was not "properly joined and served" as a defendant as of the date of removal, his citizenship should not be considered.[2] (*Id*. ¶¶ 10-14.)

On March 31, 2015, the Janaskis filed their Motion for Remand, admitting that they had not served Dettore with the complaint as of the date of removal, but asserting that the forum defendant rule does not apply because there is a lack of complete diversity between the parties on the face of the complaint. (Mot. for Remand ¶ 13; Mem. in Supp. of Mot. for Remand 7-8.) On April 6, 2015, Diebold filed a Reply in Support of its Notice of Removal, for the first time arguing that Dettore's citizenship should be ignored for diversity purposes because he is fraudulently joined. (Reply in Supp. of Not. of Removal 1, ECF No. 11.) Diebold claims that the Janaskis' "continued failure to serve Dettore . . . demonstrates that Dettore was fraudulently joined." (*Id*. at 2.) None of the parties dispute that the amount in controversy exceeds $75,000. (Not. of Removal ¶ 9; Mot. for Remand ¶ 9.)

---

[2] The forum defendant rule, in its entirety, provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

**Discussion**

      I.      **The Court Does Not Have Subject Matter Jurisdiction Pursuant to § 1332.**

Diebold, as the removing party, has the burden of establishing federal jurisdiction. *See Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939)). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis,* 75 F.3d 860, 864-65 (3d Cir. 1996)).

"Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Johnson*, 724 F.3d 346 (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.,* 316 F.3d 408, 410 (3d Cir. 2003)). "Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal." *Id*. (citations omitted).

Diebold has failed to meet its burden of establishing federal jurisdiction because complete diversity between the parties does not exist on the face of the complaint. Both the Janaskis and Dettore are citizens of Pennsylvania. (Compl. ¶¶ 1-3; Not. of Removal ¶¶ 10, 13.) Diebold's invocation of the forum defendant rule to overcome this lack of diversity is a patent misconstruction of the law. *See Pullman Co.*, 305 U.S. at 541 (affirming remand of case and finding that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."); *see also Castner v. Exxon Co., U.S.A.*, 563 F. Supp. 684, 687 (E.D. Pa. 1983) ("[T]he fact that Rautzhan has not yet been served does not mean that this court may ignore his Pennsylvania connection in determining whether the complaint filed in

3

the Court of Common Pleas falls within this court's diversity jurisdiction."); *accord Mount Olivet Tabernacle Church v. Emerson Elec. Co.*, No. 96-cv-8529, 1997 WL 89118, at *4 (E.D. Pa. Feb. 26, 1997) (remanding case and rejecting argument that non-diverse defendant "Russell's citizenship should be disregarded" simply because he had not been served with plaintiff's complaint prior to removal by other diverse defendants).

None of the cases cited by Diebold in favor of removal under the forum defendant rule confront the situation where, as here, complete diversity is lacking. Indeed, some of the cases explicitly make this point. *See, e.g., Vanderwerf v. GlaxoSmithKline, PLC*, No. 05-cv-1315, 2005 WL 6151369, at *1 n.1 (E.D. Pa. May 5, 2005) ("The cases on which the plaintiffs rely in their memorandum for the motion to remand are inapposite. . . . Here, there is complete diversity of citizenship.") (citing *Pullman Co.,* 305 U.S. at 541; *Castner,* 563 F. Supp. at 687).

The forum defendant rule under § 1441(b)(2) was meant to limit federal diversity jurisdiction, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009), not eliminate § 1332(a)'s fundamental requirement of complete diversity between the parties. Diebold's removal is jurisdictionally deficient. The Court does not have subject matter jurisdiction to hear this case.

## II. The Fraudulent Joinder Exception Does Not Apply.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) (citation omitted). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id*. at 216. Joinder is fraudulent if "there is no reasonable basis in fact or colorable

ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id*. (citing *Abels,* 770 F.2d at 32). "If the district court determines that the joinder was 'fraudulent' in this sense, the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*. (citation and quotation omitted).  If, however, the district court determines that the joinder was not fraudulent, it must remand to state court. *Id*. (citing 28 U.S.C. § 1447(c)).

The burden of persuasion on a defendant asserting fraudulent joinder is "heavy." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citations and quotation omitted).  The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed and accept the factual allegations of the complaint as true. *Id.* at 851-52 (citing *Steel Valley Author. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)).  Examination of a plaintiff's claims is less probing than on a motion to dismiss. *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012).  Indeed, a claim that survives fraudulent joinder scrutiny may ultimately be dismissed on a Rule 12(b)(6) motion. *Batoff*, 977 F.2d at 852.  A fraudulent joinder analysis requires the district court to ask only whether the plaintiff's claims are "wholly insubstantial and frivolous." *Id.*

Diebold has failed to meet its heavy burden of persuasion in demonstrating that the Janaskis fraudulently joined Dettore in order to defeat diversity jurisdiction.[3]  Diebold relies on

---

[3] As an initial matter, Diebold's argument that Dettore was fraudulently joined is untimely.  Diebold was required to raise this argument either in its Notice of Removal, or through a timely amendment to its Notice of Removal. *Egger v. Marriott Int'l, Inc.*, No. 10-cv-6274, 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011).  But Diebold raised its fraudulent joinder argument for the first time in its Reply in Support of its Notice of Removal, 46 days *after* the deadline for amending its Notice of Removal had passed.  (ECF No. 11.)  Diebold therefore waived the argument that Dettore was fraudulently joined. *Id*.  Because a defendant is sometimes permitted to amend its notice of removal after the deadline has passed, however, the Court will consider the substance of Diebold's fraudulent joinder argument. *Id*. at *3 n.5.

the Janaskis' "continued failure to serve Dettore" as the sole basis for its claim of fraudulent joinder. (Reply in Supp. of Not. of Removal 2.) Diebold urges this Court to follow other "[c]ourts across the country" that have held that a plaintiff's unreasonable delay in serving a non-diverse defendant may rise to the level of fraudulent joinder. (*Id*. at 3) (citing cases from the United States Court of Appeals for the Fifth Circuit and United States District Courts for the Western District of Louisiana, Northern District of Mississippi, and Northern District of Iowa). But this Court, as Diebold well knows, is bound by Third Circuit precedent—where unreasonable delay is not the standard for showing fraudulent joinder.

The Third Circuit standard for fraudulent joinder requires Diebold to demonstrate that the Janaskis' claims against Dettore have no reasonable basis in fact or colorable ground, *i.e.*, are wholly insubstantial and frivolous. *Batoff*, 977 F.2d at 852. This Diebold has not done. To the contrary, the complaint details an auto accident between the Janaskis and Dettore, who allegedly caused the collision while driving negligently in the course of his employment with Diebold. This is a negligence case against both an alleged tortfeasor and his employer, and the Janaskis are allowed to recover from both parties under Pennsylvania law. *See, e.g., Milton S. Hershey Med. Ctr. of Pa. State Univ. v. Commonwealth Med. Prof'l Liab. Catastrophe Loss Fund*, 821 A.2d 1205, 1212 (Pa. 2003) (providing that a plaintiff may seek relief in tort from both an agent and his principal under a theory of vicarious liability) (citing *Mamalis v. Atlas Van Lines, Inc.*, 560 A.2d 1380, 1383 (1989)). Based upon the record before the Court, it is clear that the Janaskis have colorable negligence claims against both Diebold and Dettore. This fact alone supports remand. *In re Briscoe*, 448 F.3d at 217 ("[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,

the federal court must find that joinder was proper and remand the case to state court . . . .") (quoting *Batoff,* 977 F.2d at 851).

Diebold argues that the Janaskis' delay shows that they have "no real intention in good faith to prosecute the action" against Dettore. (Reply in Supp. of Not. of Removal 3.) The Court is not convinced for several reasons. First, as explained above, the Janaskis' claims against Dettore are not only colorable, but standard tort causes of action. There is no evidence in the record that the Janaskis' claims against Dettore have been contrived to circumvent federal diversity jurisdiction. Second, Diebold has not cited any authority in this Circuit to support its argument that the Court can conclude, from delay alone, that the Janaskis do not intend to prosecute this action against Dettore. Third, Diebold admits that the Janaskis' delay in serving Dettore in state court did not preclude their claims against Dettore; indeed, the Janaskis can still serve Dettore under the Pennsylvania Rules of Civil Procedure. (Reply in Supp. of Not. of Removal 4) (citing Pa. R. Civ. P. 401(b)). Construing the removal statute strictly and resolving all doubts in favor of remand, as we must, *Johnson*, 724 F.3d at 346, the Court finds that the Janaskis' delay in serving Dettore does not establish that Dettore was fraudulently joined.

Because Diebold has failed to meet its burden of proving that Dettore was fraudulently joined, there is no complete diversity between the parties and this Court does not have subject matter jurisdiction pursuant to § 1332. The Court must remand this case to the Philadelphia County Court of Common Pleas. 28 U.S.C. § 1447(c).

An appropriate order follows.